■ TERRY CONTRACTING, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 46341.) — HERLIHY, J. P. Appeal by the claimant from an order of the Court of Claims which denied in part claimant's motion to modify the respondent's demand for a bill of particulars. Insofar as the order appealed from reserves the right to the respondent to "seek a further bill of particulars" as to certain demands presently denied by the trial court, the claimant is not aggrieved and so much of the order is not appealable. The appellant claims damages arising out of a contract for the construction of a certain highway. Its second cause of action consists of paragraphs 14 through 17 of the claim and seeks contract prices for work actually performed or for labor and materials supplied. Subdivision (*l*) of paragraph 16 sets forth that the claimant provided some 6,458 man days of contract item 516 and the State only allowed 2,587 man days for such work. The State in its demand number 12 requested a schedule of the names of the men employed in item 516 and the dates and hours worked *and* also all those involved in item 76S. The appellant objected to the information requested as to item 76S. We agree with the appellant that the information requested by the respondent as to item 76S is not in any way an amplification of the claim since no claim is made as to such items. Accordingly, the objection of the appellant should have been allowed and demand number 12 modified by striking the request as to 76S. Claimant's third cause of action claims the full amount and reasonable value of extra work allegedly performed by order of the respondent and this cause of action is set forth in paragraphs 18 through 21 of the claim. Paragraph 20 of the claim sets forth the exact items of extra work and the amount claimed for each item. The respondent in demand No. 14 requested whether such items of work were done on a force account basis. It is readily apparent that as appellant claimed, the account basis would in nowise amplify the performance of such work or its fair and reasonable value. The respondent claims that if the work was disputed, such accounting was necessary by the terms of the contract and that the demand was proper. We agree with the claimant that at this stage of the lawsuit, the demand is not proper since there is nothing to show that there was any dispute. The demand No. 14 should have been stricken by the trial court. The demand No. 15 as modified by the trial court is subject to the same objection and should have been stricken for the same reason. The claimant's fourth cause of action is set forth in paragraphs 22 through 27 of the complaint and is for extra work which was disputed by the State as being extra work. Paragraph 26 of the claim sets forth the items claimed as disputed extra work and the alleged reasonable value of such work. The respondent's demand No. 23 as modified by the trial court requests information as to whether or not the claimant kept daily records of the elements of such work and when such records were furnished to its engineer. Again the respondent asserts that this is justified by the contract provisions as to such work. The contract provisions, however, are not set forth in the claim and may or may not prove to limit or control the fourth cause of action. Accordingly, so much as demands whether or not daily records were kept should not have been allowed and the further information requested would be in the control of the respondent and would in any event be improper on a bill of particulars. As a fifth cause of action, the claimant alleged in paragraphs 28 through 37 of the claim that the State interfered with the performance of the contract. Paragraph 32 specifically alleges that the interference was by a prohibition of the use of water jets or jetting in driving such piling. The respondent's demand No. 26 refers to paragraph 32 of the

claim and it requests information as to whether or not the claimant had requested and received certain permission from a deputy chief engineer to use water jets and when, where and how much of the piling specified was driven. It is readily apparent that whether or not the claimant had permission to use water jets was within the knowledge of the respondent and is improperly demanded. As to the remainder of the demand, the request was proper as amplifying the damage sustained by claimant. Accordingly, the demand No. 26 should have been modified by the granting of only the information requested as to when, where and how much of the piling was used. Order modified, on the law and the facts, as follows: (1) By amending decretal paragraph one so as to grant claimant's motion to the extent of striking the second clause of demand No. 12, (2) by amending decretal paragraph two so as to grant claimant's motion to strike demand No. 14 in its entirety, (3) by amending decretal paragraph three so as to grant claimant's motion to strike demand No. 15 in its entirety, (4) by amending decretal paragraph five so as to grant claimant's motion to strike demand No. 23 in its entirety, (5) by amending decretal paragraph six so as to grant claimant's motion to strike the first three clauses of demand No. 26; and, as so modified, affirmed, with costs to claimant. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J. P.